IN THE COUNTY COURT IN AND
FOR ORANGE COUNTY, FLORIDA

Case No. 2017-SC-024174-O

MARY DOLORES MURPHY,

    Plaintiff,

vs.

SOUTHWEST CREDIT SYSTEMS, L.P.,
a Foreign limited partnership, and
AT&T, CORP., a foreign corporation,

    Defendant.
_____/

DATE: 12-4-17
HOUR: 1000
DEPUTY SHERIFF:

## STATEMENT OF CLAIM

Plaintiff, MARY DOLORES MURPHY, by and through her undersigned counsel, hereby files her Statement of Claim, sues the Defendants, SOUTHWEST CREDIT SYSTEMS, L.P., and AT&T CORP., and alleges as follows:

1.     This is an action for damages not exceeding Five Thousand Dollars ($5,000.00), exclusive of attorney fees and costs.

2.     This is an action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, Florida Consumer Collection Practices Act (FCCPA"), and common law conversion, seeking actual damages, statutory damages, attorney's fees and costs.

3.     Plaintiff, MARY DOLORES MURPHY, (hereinafter referred to as "Plaintiff" or "MURPHY"), brings this action for illegal practices of Defendants in connection with their attempts to collect an alleged debt from her.

- 1 -

4. Plaintiff alleges, among other things, that Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

5. The FDCPA regulates the behavior of collection agencies attempting to collect a debt. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

6. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

7. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of

harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6).

## I. PLAINTIFF

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55.

9. Plaintiff is a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

## II. PARTIES - DEFENDANTS

10. Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

11. Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., is a business, the principal purpose of which is the collection of debts.

12. Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

13. Defendant, AT&T CORP., is a telecommunications company having its principal address at: One AT&T Way, Bedminster, NJ 07921-0752.

14. Defendants have knowledge and control of the collection activities of their agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

### III. FACTS

15. Plaintiff, MARY DOLORES MURPHY, is alleged to have incurred a financial obligation and is alleged to have defaulted on that obligation.

16. The foregoing alleged financial obligation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

17. Plaintiff is an 88-year-old mentally disabled woman.

18. By billing statements dated April 5, 2017, May 5, 2017 and June 4, 2017, Defendant, AT&T, CORP, attempted to collect a debt from Defendant for an alleged debt to AT&T Uverse in the amounts of $175.00, $231.00 and $168.34.

19. By letter dated October 26, 2017, Defendant attempted to collect a debt from Defendant for an alleged debt to AT&T Uverse in the amount of $168.34.

20. The billing by Defendants is for "internet."

21. Plaintiff has not ever purchased internet services from AT&T.

22. Plaintiff never had any prior dealings with AT&T Uverse and does not owe this debt.

23. As a result of the foregoing, Plaintiff has experienced considerable worry, embarrassment, frustration, anger, distress, and concern.

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff sues the Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., and repeats and realleges the allegations in paragraphs 1 through 23 hereof.

25. The collection letter dated October 26, 2017 from Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., and its attempt to collect a debt, was in violation of Section 808 of the FDCPA, 15 U.S.C. §1692f(1) which provides:

> § 808. Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

26. Defendant had no right to change the amount due of the debt owed from Plaintiff to Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., and the additional charges were not authorized by agreement.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., has violated the FDCPA;

b. To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA, including pain and suffering and loss of income;

c. To award Plaintiff statutory damages not to exceed $1,000.00;

    d.      To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

    e.      To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

    f.      To award such other and further relief as the Court deems proper.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT

27.    Plaintiff sues the Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., and repeats and realleges the allegations in paragraphs 1 through 23 hereof.

28.    The collection letter dated October 26, 2017 to Plaintiff from Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., and its attempt to collect a debt was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>     \*        \*        \*        \*
>
> (2) The false representation of—
>
> (A) the character, amount, or **legal status of any debt;**
> (emphasis supplied).

29.    The legal status of the debt that was that it was invalid and not owed by Plaintiff to AT&T Uverse.

### TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., has violated the FDCPA;

b. To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA, including pain and suffering and loss of income;

c. To award Plaintiff statutory damages not to exceed $1,000.00;

d. To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e. To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.

## COUNT III
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

30. Plaintiff sues the Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., and repeats and realleges the allegations in paragraphs 1 through 23 hereof.

31. Plaintiff is an individual who resides in the State of Florida.

32. Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

33. Defendant is a person as defined in §1.01(3), Fla. Stat.

34. Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

\*     \*     \*     \*

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

35. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

36. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this law lawsuit.

37. The conduct on the part of the Defendant as alleged herein evidences a purpose to inflict insult and injury, or was wholly without excuse." (*Story v JM Fields*, 343 So. 2d 675 (Fla First DCA 1977).

38. All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

39. Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

40. As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

41. Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.  That Defendant be enjoined from any and all further illegal collection practice.

C.  Actual damages pursuant to Fla. Stat. §559.77(2).

D.  Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

E.  To award Plaintiff punitive damages;

F.  Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

G.  For such other and further relief as may be just and proper.

## COUNT IV
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

42.  Plaintiff sues the Defendant, AT&T CORP., and repeats and realleges the allegations in paragraphs 1 through 23 hereof.

43.  Plaintiff is an individual who resides in the State of Florida.

44.  Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

45.  Defendant is a person as defined in §1.01(3), Fla. Stat.

46.  Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

  *   *   *

(9) Claim, attempt, or threaten to enforce a debt when such person
knows that the debt is not legitimate, or assert the existence of
some other legal right when such person knows that the right does
not exist.

47. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

48. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this law lawsuit.

49. The conduct on the part of the Defendant as alleged herein evidences a purpose to inflict insult and injury, or was wholly without excuse." *(Story v JM Fields*, 343 So. 2d 675 (Fla First DCA 1977).

50. All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

51. Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

52. As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

53. Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, AT&T CORP., for the following:

    A. Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.     That Defendant be enjoined from any and all further illegal collection practice.

C.     Actual damages pursuant to Fla. Stat. §559.77(2).

D.     Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

E.     To award Plaintiff punitive damages;

F.     Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

G.     For such other and further relief as may be just and proper.

*N. James Turner*
N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
100 S. Bumby Avenue
Orlando, FL 32803
(888) 877-5103
Email address: njtlaw@gmail.com